UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NUMBER: _____

NADIA HILLMAN,

  Plaintiff,

vs.

HOLIDAY INN CLUB
VACATIONS INCORPORATED,

  Defendant.
_____/

## COMPLAINT

COMES NOW, Plaintiff, NADIA HILLMAN, by and through her undersigned counsel, and sues the Defendant, HOLIDAY INN CLUB VACATIONS INCORPORATED, and alleges as follows:

## INTRODUCTION

1. This is a proceeding for damages to redress the deprivation of rights secured to the Plaintiff by the Family and Medical Leave Act, 29 U.S.C. 2601-2654 ("FMLA"), as temporarily modified pursuant to the Families First Coronavirus Response Act ("FFCRA"), Public Law 116-127.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over their controversy based upon the FMLA and FFCRA, and venue is proper as all acts described herein occurred within this judicial district.

## PARTIES

3. At all times material hereto, the Plaintiff was/is a citizen of the United States, sui juris, and an employee of the Defendant.

4. At all times material hereto, the Plaintiff was an employee and member of a protected class within the meaning of the FMLA as temporarily modified by the FFCRA.

5. At all times material hereto, Defendant was a Florida Corporation doing business and services in this judicial district, was the former employer of the Plaintiff, and is an employer as defined by the FMLA as temporarily modified by the FFCRA.

## STATEMENT OF FACTS

6. The Plaintiff was working for Defendant since September 23, 2019 as an inbound sales agent selling vacation packages.

7. During the pandemic, Plaintiff was requested to work from home.

8. During this period, she became violently ill with symptoms of COVID-19, and notified her manager, Kyle, via email to keep him up to date with her health condition.

9. After 2 weeks, Plaintiff sent Kyle two emails asking what the next step is to go back to work, but he never responded.

10. She then text him, to which Kyle responded that she was re-hirable after 6 months.

11. This confused Plaintiff as she was not aware that she had been terminated.

12. Plaintiff then followed up with an email to HR asking what her employment status was, wherein she learned that she had allegedly "quit" due to personal reasons.

13. Plaintiff explained that was not true and even forwarded the emails she sent to Kyle.

14. However, the termination stood.

## COUNT I

## FFCRA INTERFERENCE

15. The Plaintiff incorporates by reference paragraphs 1-14 herein.

16. At all times material to this lawsuit, the Plaintiff was entitled to benefits afforded under the FMLA as temporarily modified by the FFCRA.

17. The Defendant unlawfully interfered with the Plaintiff's exercise of her FFCRA rights by denying her benefits that she was afforded and terminating her.

18. As a direct and proximate result of the Defendant's unlawful treatment, the Plaintiff has suffered damages and will continue to suffer irreparable injury and damages in the future, under the FMLA as temporarily modified by the FFCRA.

19. The Plaintiff is entitled to an award of reasonable attorney's fees, expert fees, costs and expenses related to this litigation under the FMLA as temporarily modified by the FFCRA.

WHEREFORE, the Plaintiff, NADIA HILLMAN, requests that judgment be entered against the Defendant for all damages recoverable under the FMLA as temporarily modified by the FFCRA, in addition to all litigation expenses and costs, including attorneys' fees and any other lawful and equitable relief this Court deems to be just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff demands a jury trial.

Dated: July 2, 2020.                Respectfully submitted,

                                                Law Offices of Levy & Levy, P.A.
1000 Sawgrass Corporate Parkway, Suite 588
Sunrise, Florida  33323
Telephone: (954) 763-5722
Facsimile: (954) 763-5723
*Counsel for Plaintiff*

*/s/ Chad Levy*
CHAD E. LEVY, ESQ.
chad@levylevylaw.com
Secondary: assistant@levylevylaw.com
F.B.N.: 0851701
DAVID M. COZAD, ESQ.
david@levylevylaw.com
F.B.N.: 333920